UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LENORE D. PAWLOWSKI,

        Plaintiff,

v.                            **DECISION AND ORDER**
                                         12-CV-208S

NEW YORK STATE, UNIFIED COURT SYSTEM,
OFFICE OF COURT ADMINISTRATION

        Defendants.

1. Plaintiff, Lenore D. Pawloski, brings this action alleging that Defendant, the New York State, Unified Court System, Office of Court Administration, discriminated against her in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 623 et seq. ("ADEA"), and Title VII, 42 U.S.C. 2000e et seq. Presently before this Court is Defendant's Partial Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1)-(6). For the following reasons, that motion is granted.

2. Plaintiff's claim arises out of her employment with Defendant, which began on March 8, 2007. Plaintiff alleges that although she received positive performance reviews and performed well on state examinations, she was repeatedly denied promotion because of her age and sex.[1]

3. Defendant filed a motion to dismiss on April 25, 2012. Plaintiff filed a response on May 9, 2012, and Defendant replied on May 22, 2012. This Court then took Defendant's motion under advisement without oral argument.

---

[1] Plaintiff's complaint also includes allegations of discrimination based on her homosexual lifestyle. (Compl. ¶¶ 7, 28, Docket No. 1.) This allegation is not included under either of her causes of action.

4.      The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."  29 U.S.C. § 623(a)(1).  Defendant argues that Plaintiff's claim is barred under the Eleventh Amendment.  As an alter ego of the State of New York, Defendant contends it enjoys the same immunity as a State defendant.  Defendant further asserts that even were this not the case, Plaintiff's ADEA claim would still be deficient for failing to allege a factual basis from which to conclude that Defendant discriminated on the basis of age.

5.      Plaintiff concedes that Defendant is immune from suit on her ADEA claim and agrees to withdraw that claim.  Accordingly, this Court will not further consider that claim, and Defendant's motion to dismiss it is granted.

6.      Plaintiff also alleges a cause of action under Title VII.  Pursuant to Title VII, it is unlawful for an employer to "discriminate against any individual with respect to h[er] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin.  42 U.S.C. § 2000e-2(a)(1).  However, "a precondition to filing a Title VII claim in federal court, [is that] a plaintiff must first pursue available administrative remedies and file a timely complaint with the [Equal Employment Opportunity Commission ("EEOC")].  Deravin v. Kerik, 335 F.3d 195, 200 (2d Cir. 2003) (citation omitted).  An EEOC complaint will be timely when it is filed "within 300 days of the alleged discriminatory act."  McGullam v. Cedar Gaphics, Inc., 609 F.3d 70, 75 (2d Cir. 2010); see also 42 U.S.C. § 2000e-5(e)(1).  Defendant argues that the majority of Plaintiff's allegations are time-barred for having occurred between 2007 and 2009, well outside the 300-day filing deadline.

7. It is initially unclear whether Plaintiff actually seeks to hold Defendant liable for the otherwise time-barred acts, or merely wishes to include those events to show that the timely allegations are plausible. For example, Plaintiff argues that "while events prior to the three hundred days of the filing of her Complaint with the Division of Human Rights are indeed time barred, they may be pled to show liability." (Pl.'s Opp'n 2, Docket No. 6.) Plaintiff then quotes from National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002). That case held that:

> The existence of past acts and the employee's prior knowledge of their occurrence, however, does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed. *Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim.*

Id. at 113 (emphasis added). Later, Plaintiff again describes her complaint as providing "a wealth of background facts" and that "events outside the statute of limitations are available to show liability that the events described . . . within the statute of limitations are thus plausible." (Pl.'s Opp'n 4.) Finally, Plaintiff's section heading also states that "EVENTS OUTSIDE THE STATUTE OF LIMITATIONS MAY BE USED AS BACKGROUND." (Id. at 2.)

8. Contrary to that understanding, Plaintiff also asserts that Defendant engaged in "a pattern of decision making that is manifestly designed to discourage women." (Pl.'s Opp'n 1.) Such an allegation is typically made to overcome a statute of limitations defense. See Fitzgerald v. Henderson, 251 F.3d 345, 359 (2d Cir. 2001) ("[I]f a plaintiff has experienced a continuous practice and policy of discrimination . . . the commencement of the statute of limitations period may be delayed until the last discriminatory act in

furtherance of it" (quotation marks omitted)).  But as already noted, Plaintiff does not dispute that the prior acts in this case "are indeed time barred."  (Pl.'s Opp'n 2.)

9. Plaintiff also cites to numerous decisions addressing hostile work environment claims.  In connection with such a claim, this Court has previously noted that where a hostile work environment exists, it is inappropriate to carve out "a series of discrete incidents and then measure the harm occurring in each episode."  Turley v. ISG Lackawanna, Inc., 803 F. Supp. 2d 217, 248 (W.D.N.Y. 2011) (quoting Burns v. McGregor Elec. Indus., Inc., 955 F.2d 559, 564 (8th Cir. 1992)).  But Plaintiff here does not allege the existence of such an environment, making those cases inapposite.

10. Ultimately, this Court need not determine Plaintiff's intent, because even when read to argue the existence of a continuing violation, Plaintiff's submissions do not overcome the conclusion that claims falling outside the 300-day filing deadline are untimely and should be dismissed.  "Title VII precludes recovery for discrete acts of discrimination or retaliation that occur outside the statutory time period, even when they are related to acts alleged in timely filed charges."  Emmons v. City Univ. of N.Y., 715 F. Supp. 2d 394, 412 (E.D.N.Y. 2010) (quoting Morgan, 536 U.S. at 105, 113).  The continuing violation doctrine does not save discrete acts of discrimination, such as "termination, failure to promote, [and] denial of transfer."  Morgan, 536 U.S. at 114.  Nor does it allow for the inclusion of acts whose discriminatory character was apparent at the time they occurred.  Warren v. N. Shore Univ. Hosp. at Forest Hills, No. CV-03-0019(DGT)(RML), 2006 WL 2844259, at *5 (E.D.N.Y. Sept. 29, 2006).

11. The acts alleged in Plaintiff's complaint fall within the category of discrete acts. Plaintiff alleges that she was repeatedly passed over for promotion.  (Compl. ¶ 10.)

She was denied interviews for the position of lieutenant in both August of 2007 and April of 2008. (Id. ¶ 11.) She was again denied promotion to the position of provisional sergeant position after June 11, 2008. (Id. ¶ 12.) Although she interviewed for another sergeant position on September 17, 2009, she was not selected. (Id. ¶ 18.) In each case, Defendant failed to promote her. These constitute discrete acts that all occurred prior to February 19, 2010, 300 days before the date on which she filed her charge of discrimination, December 16, 2010. As a result, to the extent Plaintiff seeks to establish liability and recover damages for those acts, her Title VII claim is time-barred and will be dismissed. See Emmons, 715 F. Supp. 2d at 413 (dismissing as time-barred discrete acts of discrimination and retaliation).

12. However, Plaintiff has also alleged that she again applied for a sergeant position after August 27, 2010. (Comp. ¶ 22.) She again interviewed for the position, but was not selected. (Id. ¶¶ 27, 30.) She also alleges that during and after this time period she was forced to work overtime, taken off her courtroom post, and deprived of holiday overtime pay. She also alleges that another female employee was also passed over for promotion and warned not to file a grievance. Because these allegations are timely their dismissal is not warranted. Plaintiff's Title VII claim may thus proceed in a diminished form.[2]

13. Finally, Defendant has argued that punitive damages are not available to Plaintiff under 42 U.S.C. § 1981a. Plaintiff concedes this point and has withdrawn her demand for punitive damages. Her claim for punitive damages is thus dismissed.

---

[2] This Court expresses no view on the extent to which acts outside the EEOC filing deadline may be used as background evidence for Plaintiff's surviving claim.

\* \* \*

IT HEREBY IS ORDERED, Defendant's Partial Motion to Dismiss (Docket No. 4) is GRANTED.

FURTHER, that Plaintiff's claim under the ADEA is DISMISSED.

FURTHER, that Plaintiff's claim for punitive damages is DISMISSED.

FURTHER, that Plaintiff's Title VII claim is DISMISSED in part, in accordance with this decision and order.

SO ORDERED.

Dated: June 15, 2012
      Buffalo, New York

                                    <u>/s/William M. Skretny</u>
                                    WILLIAM M. SKRETNY
                                          Chief Judge
                                United States District Court