UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LENORE PAWLOWSKI,

               Plaintiff,

v.                                         **DECISION AND ORDER**
                                                12-CV-208S

NEW YORK STATE, UNIFIED COURT
SYSTEM, OFFICE OF COURT
ADMINISTRATION,

               Defendant.

## I. INTRODUCTION

Lenore Pawlowski, a court security officer, did not win a desired promotion to the position of "sergeant." She was not promoted, she contends, because she is a woman.

The New York State Office of Court Administration (OCA), her employer and the defendant in this action, denies that Pawlowski's sex had anything to do with its decision. According to OCA, it had a perfectly legitimate reason for declining to promote Pawlowski: the five-member interview panel was left unimpressed with her performance at the interview. And in fact, OCA argues, there can be no doubt that sex was not a factor, for it chose to promote the only other eligible woman.

OCA now moves for summary judgment in this case, which Pawlowski brought under Title VII of the 1964 Civil Rights Act. That law prohibits, among other things, sex-based discrimination in the workplace.

For the following reasons, OCA's motion is granted.

## II. BACKGROUND

**A.    Facts**

In 2010 OCA had five positions for "sergeant" available. Sergeants, considered "first-level supervisor[s]," are "charged not only with providing court security and supervision of Court Officers and Court Officer-Trainees, but also with keeping higher-level supervisors informed about incidents and operational needs." (Def.'s Stmnt. ¶ 9; Docket No. 23-1.)

Based on required civil-service criteria, OCA identified 11 officers "as potentially reachable" for the five open positions. (Id., ¶ 12.) Lenore Pawlowski, who, along with two others, achieved the highest score on a mandatary preliminary examination, was among those 11 candidates. In fact, by virtue of that high score, she was among the top three candidates. Eventually, three of the candidates – including one of three women in the original 11 – indicated that they were not interested in the position, and were thus dropped from consideration. Two women, including Pawlowski, and six men remained.

A five-member panel was assembled to conduct the interviews. Immediately following the interviews, the panel completed a collective evaluation form. Candidates were rated as "highly qualified," "qualified," or "marginal." The panel rated six candidates "highly qualified"; one candidate "qualified"; and one candidate, Pawlowski, "marginal."

The panel "specifically noted [Pawlowski had] three weaknesses." (Id., ¶ 22.) According to the panel, Pawlowski (1) "did not mention reporting up chain of command in response to scenarios"; (2) appeared at the interview "without appropriate equipment" and "unprofessional[ly]" placed her windbreaker on the table; and (3) "did not address question[s] directly when answering." (Id.,¶¶ 23, 24, 30, 31.)

Five officers were eventually promoted. Pawlowski was not among them. The only other remaining female officer was offered the promotion, but declined to accept it. Thus, all those ultimately promoted were men.

**B.    Procedural history**

On December 16, 2010 Pawlowski filed a charge of discrimination with the New York State Division of Human Rights. As with all charges of this nature, the claim was cross-filed with the Equal Employment Opportunity Commission (EEOC). Neither agency found in her favor and she later received a "right-to-sue" letter, authorizing her to bring this suit. She then commenced this action by filing a complaint in this Court on March 9, 2012. OCA moved to partially dismiss the complaint the next month. In June of that year, this Court granted that motion. It dismissed Pawlowski's Age Discrimination in Employment Act claim and any claims for punitive damages. It also dismissed some allegations that were barred by Title VII's statute of limitations. (See Decision and Order; Docket No. 8.) The claim at the center of this motion, however, remained.

After discovery, OCA filed the current motion on January 3, 2014. Briefing concluded in April of this year, at which time this Court took the motion under consideration.

### III.  DISCUSSION

**A.    Summary judgment**

Rule 56 of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is "material" only if it "might affect the outcome of the suit under governing law." Anderson v. Liberty Lobby,

Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). A "genuine" dispute exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Id. In determining whether a genuine dispute regarding a material fact exists, the evidence and the inferences drawn from the evidence "must be viewed in the light most favorable to the party opposing the motion." Adickes v. S. H. Kress & Co., 398 U.S. 144, 158–59, 90 S. Ct.1598, 1609, 26 L. Ed. 2d 142 (1970) (internal quotations and citation omitted).

"Only when reasonable minds could not differ as to the import of evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991) (citation omitted). Indeed, "[i]f, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper." Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77, 82-83 (2d Cir. 2004) (citations omitted). The function of the court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.

When the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient for the movant to point to a lack of evidence . . . on an essential element of the nonmovant's claim." Cordiano v. Metacon Gun Club, Inc., 575 F.3d 199, 204 (2d Cir. 2009). "Where the moving party demonstrates 'the absence of a genuine issue of material fact,' the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011) (citations omitted) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

**B.	Title VII and Pawlowski's claim**

Pawlowski asserts that OCA violated Title VII of the 1964 Civil Rights Act, which makes it unlawful to "refuse to hire or [promote] . . . any individual . . . with respect to h[er] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." See 42 U.S.C. § 2000e-2(a); see also § 2000e-2(m) ("[A]n unlawful employment practice is established when the complaining party demonstrates that . . . sex . . . was a motivating factor for any employment practice, even though other factors also motivated the practice."). Pawlowski, relying primarily on the fact that all the officers chosen for the position were men, maintains that the decision to deny her the promotion was motivated by her sex.[1]

Without direct evidence of discrimination, sex-based discrimination claims are analyzed under the Supreme Court's familiar McDonnell Douglas burden-shifting framework. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973); see also Patterson v. Cnty. of Oneida, N.Y., 375 F.3d 206, 225 (2d Cir. 2004). Under that framework, a plaintiff must first establish a *prima facie* case by adducing sufficient evidence to permit a rational trier of fact to find that she: is a member of a

---

[1] There is some indication in Pawlowski's complaint that she suffered from other allegedly discriminatory acts, including forced overtime, deprivation of holiday pay, and a requirement that she pat down certain detainees. OCA argues that these claims were not administratively exhausted – that is, they were not included in the EEOC charge – and that they are not, in any event, sufficiently adverse actions as defined by Title VII. In response to that argument, Pawlowski argues only that they are reasonably related to her EEOC charge. She does not, that is, respond to the argument that the actions are not sufficiently adverse to state a Title VII claim. Further, she does not point to any evidence that these actions, even if they could be considered adverse, occurred because of her sex. Indeed, the remainder of Pawlowksi's brief is dedicated exclusively to the failure-to-promote claim. She even points out herself that "[t]he main event in this matter is the interview [for sergeant] of October 21, 2010." (Pl.'s Br. at 11.) Accordingly, this Court considers any argument that these separate acts constitute adverse actions under Title VII to be waived. (And even if not waived, there is no evidence to support the argument – if one is proposed – that her sex played any role in these acts.).

protected class; was qualified for her position; and was subject to an adverse employment action suffered under "circumstances giving rise to an inference of discrimination." Terry v. Ashcroft, 336 F.3d 128, 138 (2d Cir. 2003); Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).

If the plaintiff succeeds in establishing her *prima facie* case, the burden shifts to the employer to offer a legitimate, non-discriminatory reason for its challenged action. McDonnell Douglas, 411 U.S. at 802; Terry, 336 F.3d at 138. If the employer does so, the McDonnell Douglas presumptions disappear, and the plaintiff must then set forth sufficient evidence to support a reasonable inference that discrimination occurred. See James v. N.Y. Racing Ass'n, 233 F.3d 149, 156 (2d Cir. 2000).

Ultimately, to sustain her claim, Pawlowski must show that sex was a motivating factor in the refusal to promote her. 42 U.S.C. § 2000e–2(m).

****

Pawlowski may believe that she was not selected for the promotion because of her sex, but that subjective belief cannot withstand a motion for summary judgment. See, e.g., Lunts v. Rochester City Sch. Dist., No. 07-CV-6272T, 2011 WL 4074574, at *5 (W.D.N.Y. Sept. 13, 2011) (internal quotation marks and modifications omitted) ("[N]o matter how sincere, an employee's own subjective belief of [sex] discrimination cannot serve as the basis for judicial relief."). Instead, she must come forth with some evidence that her sex was a reason she was not promoted. See, e.g., Brown, 654 F.3d at 358. In this she fails.

There is no question that Pawlowski, who achieved the highest score on the preliminary examination, was qualified for the position of sergeant. There is further no

dispute that only men were selected for the promotion.[2] With this as predicate, Pawlowski maintains her case ought to go to a jury.

But, as an initial matter, it is not even clear that these facts would be enough to meet her initial burden showing that the failure to promote occurred under "circumstances giving rise to an inference of discrimination." See Terry, 336 F.3d at 138; Hines v. Hillside Children's Ctr., 73 F. Supp. 2d 308, 321–22 (W.D.N.Y. 1999) (quoting Carson v. Bethlehem Steel Corp., 82 F.3d 157, 159 (7th Cir.1996)) ("That the person who was selected is of another race, sex, or age may help to raise an inference of discrimination, but it is neither a sufficient nor a necessary condition."). Although only men were promoted, there were only two women eligible for the position, and one of them, Bonnie Justinger, was in fact chosen. Attempting to refute whatever import this evidence may have, in her memorandum of law Pawlowski speculates that OCA "was aware that Ms. Justinger could not work the required schedule that would follow from the promotion to sergeant and would not accept." (Pl.'s Br. at 14.) But there is nothing in the record to support this hypothesis. Indeed, in an attempt to support it, Pawlowski cites only her own deposition, where she states simply that she was told by someone else (not a member of the interview panel) that Justinger did not want the job because of the hours.

---

[2] Pawlowski also alleges that she was denied promotions in 2007, 2008, and 2009. This Court has previously ruled that these acts are time barred. (See 6/15/2012 D&O, at ¶ 11.) At that time, this Court also wrote that it "expresses no view on the extent to which acts outside the EEOC filing deadline may be used as background evidence for Plaintiff's surviving claim." (Id., at ¶ 12 n. 2.) Now, in response to the summary judgment motion, Pawlowski provides no details of these failure-to-promote events. Instead, she simply recounts that she "has repeatedly tried for, and been passed over for, promotion." (Pl.'s Br. at 2.) Even if this Court were urged to consider these promotion denials as background evidence (which it is not), the lack of detail (Who was promoted? Why? Only men? Women?) hampers this Court's ability to evaluate their significance.

But first, this rumor does not begin to establish that the panel members – those who made the decision – were aware that Justinger did not want the position. And further, in a letter explaining her decision, Justinger did not cite the hours as the reason for her choice, but instead pointed to "personal issues," and noted that she had "too much on her plate already." (Justinger Letter; Pl.'s Ex. 9.) What is more, the chief security coordinator for OCA, Damiano N.C. Basile, who assembled and was a member of the interview panel, avows that he encouraged Justinger to accept the promotion after he learned that she was considering declining. (Basile Dec., ¶ 38; Docket No. 25.) Finally, Pawlowski admitted that she has no first-hand knowledge about Justinger's decision to decline the promotion. (Pawlowski Dep. Tr., 70:1–71:10.) In short, Pawlowski's speculation is plainly insufficient evidence on which a jury could find that OCA was aware that Justinger did not want the position and offered it to her only to disguise its sexist bent.

But putting that aside and assuming that Pawlowski has met her initial, "de minimus" burden of showing that the failure to promote occurred under circumstances giving rise to an inference of discrimination, see Abdu–Brisson v. Delta Airlines, Inc., 239 F.3d 456, 467 (2d Cir. 2001), there can be no doubt that she has failed to show that OCA's non-discriminatory reasons were pretextual.

In completing contemporaneous evaluations, the interview panel rated six candidates as "highly qualified." Each of those ultimately promoted were assigned this rating. The panel rated Pawlowski the lowest of all the candidates. She was in fact the only candidate to receive the lowest rating – "marginal." The panel offered non-discriminatory reasons for doing so: she did not mention the chain of command; she was not dressed in full uniform (as all the other candidates were); and she failed to answer questions in a

direct manner. There is simply no evidence to suggest that these reasons were proffered by the panel (one member of which is herself a woman) in an attempt to hide its true motives.

Pawlowski "denies" these criticisms. (Pl. Br. at 11.) She claims, for instance, that she was in a different uniform only because she was on medical leave at the time. But this fact does not suggest that sex discrimination was a true motive for the panel's decision. See, e.g., Byrnie v. Town of Cromwell, Bd. of Educ., 243 F.3d 93, 105 (2d Cir. 2001) (internal quotation marks and modifications omitted) ("Where an employer's explanation, offered in clear and specific terms, is reasonably attributable to an honest even though partially subjective evaluation of qualifications, no inference of discrimination can be drawn."). It is not enough for Pawlowski to offer post-hoc explanations for her behavior, she must come forth with some evidence that undermines the credibility of OCA's proffered reasons. She has not.

She has not, for example, shown that other candidates dressed similarly or responded to questions similarly but were nevertheless offered the position. See, e.g., McDonnell Douglas, 411 U.S. at 804, 93 S. Ct. 1817, 1825, 36 L. Ed. 2d 668 (1973) (finding evidence that other employees engaged in similar conduct but were nevertheless retained or rehired to be "especially relevant" in showing pretext). Although Pawlowski does contend that she is just as qualified as the candidates who were offered the job, "an employees's opinion about h[er] own qualifications does not suffice to give rise to an issue of fact about whether he was discriminated against, and that is particularly true where the employer's decision whether to promote plaintiff did not depend on whether [s]he was qualified, but whether [s]he was the best candidate for the job." Hines v. Hillside Children's

Ctr., 73 F.Supp.2d 308, 320 (W.D.N.Y.1999) (quoting Layaou v. Xerox Corp., 999 F.Supp. 426, 433 (W.D.N.Y.1998)). This is true because an employer must be free to choose among equally qualified candidates, so long as unlawful considerations play no role. See id. ("Employers should be free to choose the person that they honestly (even if erroneously) consider the better-qualified candidate without being subjected to liability merely because the two candidates are of a different [sex].").

It is not this Court's role to second-guess OCA's evaluation of Pawlowski. After all, "[a]n employer is entitled to arrive at a subjective evaluation of a candidate's suitability for a position." Byrnie, 243 F.3d at 106. And "there is nothing unlawful about an employer's basing its hiring decision on subjective criteria, such as the impression an individual makes during an interview." Id. at 104 (internal quotation marks omitted). Rather, this Court must determine whether there is any reasonable basis to question the OCA's reasoning in refusing to promote Pawlowski. In conjunction with the discussion above, this Court finds that there is not.

This conclusion is not altered by the fact that, as Pawlowski points out, she "overheard a fellow officer state that a fellow Officer Kara Calderella, a female who had been passed over for promotion to lieutenant, had been told 'not file a grievance if she wants to go anywhere in her career.[']" (Sic) (Pl.'s Br. at 16). Pawlowski purportedly offers this incident to demonstrate that there is a culture of sex-based discrimination at OCA.

But first, this statement is double hearsay of the least reliable kind – Pawlowski herself was not even the intended recipient of the second level of the hearsay, but instead

"overheard" a conversation reporting on yet another conversation.[3] Despite this, Pawlowski offers no argument for its admission. Accordingly, as hearsay, the statement cannot be considered in support of Pawlowski's opposition to the summary judgment motion. Burlington Coat Factory Warehouse Corp. v. Esprit De Corp., 769 F.2d 919, 924 (2d Cir. 1985) (party "cannot rely on inadmissible hearsay in opposing a motion for summary judgment").

Second, Pawlowski provides no further detail about this incident. And therefore there is no indication that this gender-neutral threat, regarding potential retaliation for filing a grievance, had anything to do with Calderella's sex.

## IV. CONCLUSION

Despite achieving high scores on examinations used to determine, in part, who ought to be promoted, Pawlowski has struggled to achieve promotion within OCA. Pawlowski is understandably frustrated by this, but her claim that her sex played a factor in OCA's 2010 decision to deny her a promotion is speculative and simply not supported by the evidence. Although it is unfortunate for Pawlowski that she missed out on the promotion, Title VII was not intended to "diminish traditional management prerogatives." United Steelworkers of Am., AFL-CIO-CLC v. Weber, 443 U.S. 193, 206, 99 S. Ct. 2721, 2729, 61 L. Ed. 2d 480 (1979). And, "[i]t does not require the employer to restructure his employment practices to maximize the number of minorities and women hired." Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 259, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). In light of OCA's non-discriminatory rationale for declining to promote Pawlowski,

---

[3] The statement does appear to be offered to prove the truth of the matter that Calderella was told not to file a grievance.

and without some evidence of discrimination other than the basic fact that men (and the only other woman) were promoted and she was not, Pawlowski's claim cannot withstand summary judgment. See McDonnell Douglas, 411 U.S. at 805 (composition of "labor force" . . . while helpful may not be in and of [itself] controlling as to an individualized hiring decision, particularly in the presence of an otherwise justifiable reason for refusing to rehire [or promote].").

No reasonable jury could conclude based on this record that sex was a motivating factor in the decision not to promote her. Accordingly, OCA's motion for summary judgment is granted.

## V. ORDERS

IT HEREBY IS ORDERED, that Defendant's Motion for Summary Judgment (Docket No. 23) is GRANTED,

FURTHER, the Clerk of Court is directed to close this case.

Dated:     May 30, 2014
           Buffalo, New York

                                                               /s/William M. Skretny
                                                            WILLIAM M. SKRETNY
                                                                      Chief Judge
                                                           United States District Court